Tagged for publication



**ORDERED in the Southern District of Florida on March 31, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

**New River Dry Dock, Inc.**,

       Debtor.
_____/

Case No. 06-13274-JKO

Confirmed Chapter 11

**ORDER:
(1) Denying Motion for Sanctions [ECF. No. 550];
(2) Directing Kevin Gleason to Appear on April 20, 2011 at 1:30 p.m.
and Show Cause Why Non-Monetary Sanctions Should Not be Imposed.**

On November 2, 2010, Kevin Gleason ("Gleason"), counsel for Christopher Denison ("Denison") filed a Claim of Exemption and Notice of Hearing ("Claim"). [ECF. No. 535]. The Claim asserted that Denison could exempt commissions he had received from a real estate sale. Denison had already admitted he owed those commissions to the Plan Administrator under the Debtor's confirmed Chapter 11 Plan. I had previously ordered those funds to be sequestered and I had previously ordered them to be disbursed to the Plan Administrator. On November 3, 2010, Marina Mile Shipyard, Inc. ("MMS") filed a Motion to Strike Denison's Claim of Exemption and

Notice of Hearing. [ECF No. 537]. As required by Bankruptcy Rule 9011(c)(1)(A), (otherwise known as the "safe harbor" provision) MMS gave Denison's counsel, Kevin C. Gleason ("Gleason") an opportunity to withdraw or otherwise amend the Claim before filing a motion for sanctions against him. MMS filed this Motion for Sanctions on November 29, 2010. When MMS filed the Motion for Sanctions Gleason had not withdrawn or otherwise amended the Claim. On December 6, 2010, Gleason and MMS entered into an agreed order to strike the Claim. During a January 4, 2011 hearing Gleason argued that MMS could not pursue sanctions against him because MMS did not provide him 21 days to withdraw or otherwise amend the Claim before it filed its Motion for Sanctions. Because Gleason is correct in his counting of days under Federal Rule of Bankruptcy Procedure 9011, the sanctions motion will be denied. That, however, will not end the story.

### *Factual Background*

MMS an unsecured creditor under the Debtor's confirmed plan of reorganization. It seeks sanctions against Gleason, counsel for Denison. MMS contends that the Claim filed by Gleason on November 2, 2010 was "factually baseless, unsupportable in terms of substantive law, and procedurally unsound."[1] Gleason sought to exempt the proceeds "Denison owed the Plan Administrator from a commission due Marine Realty, Inc on an anticipated real estate closing."[2] The Claim sought to exempt $25,981.41 in real estate commissions which I had previously ordered

---

[1] [ECF. No. 537], ¶ 1.

[2] *Id.*

to be sequestered,[3] and which I had previously ordered to be disbursed to the Plan Administrator.[4] I had done so because Denison already admitted the funds were owed to the Plan Administrator. MMS further contends that Gleason filed the Claim to interfere with the implementation of my prior orders. The purported legal basis for the asserted exemption, Fla. Stat. § 222.11(b)[5] plainly did not apply. During the January 4, 2011, hearing on the sanctions motion, Gleason made ho attempt to assert that the Claim was proper (he actually conceded to the fact that it was improper by an agreed order to strike the Claim on December 6, 2010), but claimed that I could not grant MMS's Motion for Sanctions because they did not comply with the 21-day safe harbor provision. In this Gleason is correct.

### *Discussion*

A party seeking sanctions under Bankruptcy Rule 9011 *must* satisfy two requirements. First, the motion for sanctions must be made separate from other motions and must describe with specificity the conduct which caused the alleged violation.[6] Second, the motion cannot be presented to the court unless the offending party is given twenty-one days from the date of service of notice to withdraw or correct the challenged behavior.[7] Gleason contends that MMS jumped the gun and filed its sanctions motion before the 21-day grace period had expired. Because motions for sanctions may only be filed with the court if "the challenged paper, claim, defense, contention,

---

[3] *See* [ECF No. 510].

[4] *See* [ECF No. 532].

[5] Fla. Stat. § 222.11(b) refers to garnishment and attachment and is utterly inapplicable to court orders sequestering and directing disbursement of funds.

[6] Fed. R. Bankr. P. 9011(c)(1)(A); *Abrams v. Felix (In re Miller)*, No.10-12085, 2011 U.S. App. LEXIS 2617 at *5-6 (11th Cir. February 10, 2011).

[7] *Id.*

allegation, or denial is not withdrawn or appropriately corrected" within 21 days after service it is an abuse of discretion if a "court imposes sanctions by motion without adhering to the twenty-one day safe harbor."[8]

A.   Computing Time

Bankruptcy Rule 9006 governs computation of time specified in the Bankruptcy Code. Rule 9006 provides in pertinent part:

> When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count everyday, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.[9]
>
> "Legal holiday" means:
> (A) the day set aside by statute for observing New Year's Day, Martin Lither King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day.[10]

During the period between the filing of the Motion to Strike and Motion for Sanctions two legal holidays occurred: Veterans' Day on November 11th and Thanksgiving Day on November 25th. Because the 21 day "safe harbor" period did not end on November 11, Veterans' Day was an

---

[8] *In re Szabo Contr., Inc.*, 283 B.R. 242, 258 (Bankr. N.D. Ill. 2002); *see also In re Miller*, 2011 U.S. App. LEXIS 2617 at *1-2, n.1, 9 (finding the bankruptcy court abused its discretion by granting sanctions when the conduct allegedly entitling the movant to sanctions was not specifically stated).

[9] Fed. R. Bankr. P. 9006(a)(1) (2010); *see also* Fed. R. Bankr. P. 9006 (Advisory Committee Notes, 2009 Amendments) ("Under . . . subdivision (a)(1), all deadlines stated in days (no matter the length) are computed in the same way. The day of the event that triggers the deadline is not counted. All other days—including intermediate Saturdays, Sundays, and legal holidays—are counted, with only one exception: If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday.")

[10] Fed. R. Bankr. P. 9006(a)(2) (2010).

"intermediate" legal holiday and was properly counted towards the 21-day period required by Bankruptcy Rule 9011(c)(1)(A). Under Rule 9006(a), the date of filing (November 3) is not included for purposes of computing time. Therefore, November 4th was the first day of the 21-day period. Since the last day of the 21-day period would have been November 25th (Thanksgiving), the 21-day period continued "to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." The next day, November 26th, was not a legal holiday and was not a Saturday or Sunday (it was, as the day after Thanksgiving always is, a Friday). November 26, 2010 was the "last day" of the 21-day period.

However, Bankruptcy Rule 9006(f) allows a three day extension "when there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(D)-(F) of Fed. R. Civ. P."[11, 12] MMS's Motion for Sanctions was served via fax, U.S. Mail, and the bankruptcy court's CM/ECF electronic filing system. Additionally, the November 3, 2010 motion to strike set a prescribed period of time in which

---

[11] *Id.*; *see also Miller v. Ford Motor Co.,* No. 2:0 1-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 26543, at *3 (M.D. Fla. Jan. 7 2004) ("[It] is correct that electronic service is deemed to be service by mail").

[12] The Advisory Committee on the 2001 amendments stated that "[t]he amendment to Rule 9006(f) is intended to extend the three-day "mail rule" to service under Rule 5(b)(2)(D)"—now 5(b)(2)(E)—"including service by electronic means . . .with the consent of the person served." Local Rule 9076-1 provides the following:

> **Registered Users Consent to Waiver of Non-Electronic Service.**
> Registered users (1) waive the right to receive notice by first class mail and consent to receive notice electronically via the CM/ECF generated NEF; and (2) waive the right to service by personal service or first class mail and consent to electronic service via the NEF, except with regard to service of a summons and complaint under Bankruptcy Rule 7004. Waiver of service and notice by first class mail applies to notice of the entry of an order or judgment under Bankruptcy Rule 9022.

Gleason could act after service.[13]  Because of these facts, Gleason was entitled to a three day extension of time to amend, withdraw, or correct the Claim under Rule 9006(f) before the sanctions motion could properly be filed.

Robert H. Jacobvitz, United States Bankruptcy Judge, District of New Mexico discussed adding three days under Rule 9006(f) "when the last day of the objection period falls on a weekend or legal holiday."[14]  Judge Jacobvitz stated that "without regard to the three days added under Rule 9006(f) . . . you go to the next business day before adding three additional days under Rule 9006(f)."[15] Accordingly, Gleason's deadline was extended to Monday, November 29, 2010.[16] The plain language of Rule 9011 provides a mandatory 21-day safe harbor period and it would be an abuse of my discretion to allow MMS to shorten Rule 9011's *mandatory* safe harbor period, even if only by hours.[17]  Because MMS did not comply with the safe-harbor provision, I must deny its Motion for Sanctions.

---

[13]  In an unpublished opinion the Eleventh Circuit held that the Federal Rule 6(e)—now Rule 6(d))—only applies if a time period is triggered "by service of notice or another paper."  The Eleventh Circuit said the 3-day extension under that rule did not apply if the time period is triggered by entry of an order or judgment. *Staib v. Preprint Publ'g Co., Inc*., 220 F.3d 589 (11th Cir. 2000).  Applying this rule to the case at hand, Gleason is entitled to the extra three days because Rule 9011's safe harbor period is triggered by service of notice. *See Miller v Ford Motor Co.*, 2004 US Dist LEXIS 26543 (*Staib* is attached to this published case).

[14]  Robert H. Jacobvitz, United States Bankruptcy Judge United States Bankruptcy Court, District of New Mexico, *Computation of Objection Period Under Rule 9006(f)*, available at http://www.nmcourt.fed.us/usbc/node/335.

[15]  *Id.*.

[16]  The exact time of day in which the safe harbor period ends is dependent upon the method used to file the document that corrected the claim. If Gleason had filed an amendment electronically, the safe harbor period would not have ended until midnight; had he filed by other means the safe harbor period would have ended when the Clerk's office closed.  Fed. R. Bankr. P. 9006(a)(4).  MMS filed the Motion for Sanctions upon Gleason on November 29, at 9:41am, too early regardless of the method Gleason might have used to amend or withdraw his offending pleading.

[17]  *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1238 (11th Cir 2006) ("A decision that is contrary to the law plainly is an abuse of discretion.").

B.   Renewed Motion for Sanctions

"[A] movant cannot use compliance with a safe harbor in [an] earlier motion for sanctions to avoid separate compliance with [a] renewed motion."[18] The 21-day "prohibition would be almost meaningless if the very act of violating it, by prematurely filing a motion for sanctions, could serve as the foundation for refiling the same motion several weeks later."[19]  In *Saldibar v. Delray One, Inc.*, the plaintiff asserted that a renewed Rule 11 motions was not served upon him after 21 days.[20] The Court stated that "[t]he safe harbor provision still applies even though the . . . motion is a 'renewed' motion."[21]  Accordingly, if MMS wishes to refile its motion for sanctions it would have to wait 21 days after giving notice to Gleason before doing so.

Because Gleason's frivolous Claim was stricken by agreed order on December 6, 2010, Rule 9011 prohibits its renewal.  *Robinson, supra,* illustrates this rule.  In that case, the court denied the offending motion before the renewed motion for sanctions was filed.[22]  The court held that because the bankruptcy court had already denied the offending motion, the motion for sanctions was too late and that "the service and filing of a motion for sanctions 'must occur prior to final judgment or judicial rejection of the offending' motion."[23]  The court also stated that "any argument to the

---

[18] *Craver v. Stuckey (In re Stuckey)*, No.08-13109, 2010 Bankr. LEXIS 2188, at *2 (Bankr. N.D. Ind. June 2, 2010) (citing *Zhu v. Federal Housing Finance Board,* No. 04-2539-KHV, 2007 U.S. Dist. LEXIS 32398 , at *2 (D. Kan. May 1, 2007).

[19] *Id.*

[20] *Saldibar v. Delray One, Inc.*, No. 07-80608, 2008 U.S. Dist. LEXIS 61470, at *5 (S.D. Fla. Feb. 20, 2008) (distinguished on other grounds by *Robinson v. Alutiiq-Mele*, *LLC*, 643 F. Supp. 2d 1342 (S.D. Fla. 2009)).

[21] *Id.* at 5-6.

[22] *Robinson,* 643 F. Supp. 2d at 1350-51.

[23] *Id.* (quoting *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1309 (11th Cir. 2008)).

contrary renders the safe harbor provision a mere formality" and that "[t]he provision cannot have any effect if the court has already denied the motion [because] it is too late for the offending party to withdraw the challenged contention."[24]  Here, Gleason has already stricken the offending Claim by agreed order.  Because Rule 9011 can have no effect where the offending paper has already been rejected by the court, any renewed motion for sanctions by MMS would be denied.

C.      Sanctions on the Court's Initiative

I may impose sanctions upon an attorney whose conduct appears to have violated Bankruptcy Rule 9011(b) on my own initiative under Bankruptcy Rule 9011(c)(1)(B).[25]  The contention by Gleason that Denison is entitled to exempt the payment of a commission which he already admitted he owed the Plan Administrator is frivolous, absurd, and is not warranted by existing law.  I had already determined that the funds should be sequestered and directed disbursement of the funds to the Plan Administrator before Gleason filed the bogus Claim.[26]  I agree with MMS' counsel that if "it were interposed in good faith, it could and should have been brought to the attention of undersigned counsel and the Court during the preceding hearing, if not before."[27]  However, because the offending claim has already been disposed of by agreed order I cannot award any monetary

---

[24] *Id.*

[25] For a court to impose sanctions under Bankruptcy Rule 9011(c)(1)(B) it must describe "the specific conduct that appears to violate subsection (b) and direct the attorney "to show cause why it has not violated subdivision (b)." Fed. R. Bankr. P. 9011(c)(1)(B).

[26] Gleason surreptitiously handed MMS' counsel a copy of Denison's Claim of Exemption immediately after a November 2, 2010 hearing.  The only possible reason for Gleason to have done this was to cast doubt upon my prior sequestration and disbursement orders.

[27] [ECF No. 537], ¶ 4.

sanctions.[28]  That does not mean, however, that Gleason's conduct in filing the Claim should not be dealt with.  I will accordingly direct Gleason to show cause why non-monetary sanctions should not be imposed upon him for the filing of the Claim on Denison's behalf.

### *Conclusion*

I cannot grant MMS's Motion for Sanctions pursuant to Fed. R. Bankr. P. 9011 because the rule's safe harbor period is mandatory and failure to comply (even by a few hours) is fatal.  MMS jumped the gun and filed its Motion for Sanctions prematurely.  Gleason had essentially conceded the Claim was meritless and procedurally unsound by submitting an agreed order striking it on December 6th.  As a result of the circumstances outlined above, Gleason has managed to skirt MMS's motion for sanctions.  MMS's Motion for Sanctions is accordingly **DENIED.**

Pursuant to the provisions of Fed. R. Bankr. P. 9011(c)(1)(B), Kevin Gleason is hereby **DIRECTED** to appear before this Court on **April 20, 2011, at 1:30 pm,** and to show cause why his conduct in filing the Claim on Denison's behalf should not be sanctioned by the imposition of non-monetary sanctions.

**SO ORDERED.**

# # #

Copies to:

*The Clerk of Court is directed to provide copies of this order to all registered interested parties.*

---

[28] Fed. R. Bankr. P. 9011(c)(2)(B) ("Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are to be sanctioned.").