UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
NEW RIVER DRY DOCK, INC.,                          Case No. 06-13274-BKC-JKO
_____Reorganized Debtor___/                    Chapter 11

**RESPONSE TO ORDER TO SHOW CAUSE
WHY NON-MONETARY SANCTIONS SHOULD NOT BE IMPOSED**

In your fourth published example of "Ready-Fire-Aim" against this attorney[1], it is obvious that you have not reviewed the record in this case which does not support the purported findings of fact. It is further quite obvious that you do not believe that the same respect mandated to be shown to you should also be shown to me. Your conclusion that Mr. Denison's attempt to exempt his commissions as the head of a household is not supported by law is belied by the language of the actual statute. Your conduct in this case was been without citation to any authority for the propositions that: your jurisdiction is never ending and without geographic bounds; your unconditional releases are meaningless; and pronouncements of the United States Supreme Court are mere suggestions.

In the Order to Show Cause [ECF 588] (hereinafter OSC) at pages 1 and 3, you "found" that " Denison had already admitted he owed those commissions to the Plan Administrator under the Debtor's confirmed Chapter 11 Plan." Wrong. Denison admitted that he was overpaid through a mathematical error not of his making. He

---

[1] See Case No 05-90029, at ECF # 265 wherein you published indiscriminately to a dozen persons your "Order to Show Cause Why Kevin Gleason, Esq. Should Not Be Sanctioned for Negligent Practice of Law" for my failure to timely submit an order where the client did not give me instructions after his discharge was denied whether to take a dismissal or let the case be administered in the ordinary course. Also see in the same case, ECF # 267 where the same sin is alleged, but I was given no instructions at the end of the previous hearing to that missive. Also see Adv Pro 09-01974-JKO where a mis-calendared hearing on a matter where an agreed judgment was submitted in favor of my client was treated as though a surgeon removed the wrong leg.

further pledged to repay that amount. He did not consent to the entry of a judgment against him, an act undertaken *sua sponte* and *ultra vires*.

In the OSC, at page 2, you found that "On December 6, 2010, Gleason and MMS entered into an agreed order to strike the Claim." Where you draw this conclusion can only be from the ether. The order striking the claim of exemption [ECF 552] was entered after a full hearing where the legal theories of Mr. Denison were put on the record. It is not an agreed order.

You brush off the statutory protection of the earnings of the head of a household as "Fla. Stat. § 222.11(b)5 plainly did not apply", because "Fla. Stat. § 222.11(b) refers to garnishment and attachment and is utterly inapplicable to court orders sequestering and directing disbursement of funds." A garnishment is the interception of funds payable to a debtor by judicial intervention which redirects payment to the creditor of the debtor. You may call what you did a "sequestrating and directing disbursement," but the effect was the very same as a garnishment and attachment. Your semantic distinctions express no difference.

You admit that most of the preconditions to exemption have been fulfilled in the record by virtue of the uncontested facts that Denison is the head of his household and that the subject funds were his earnings as defined in F.S. 222.11(1)(a).

In the OSC, at page 3, you found that "During the January 4, 2011, hearing on the sanctions motion, Gleason made no attempt to assert that the Claim was proper (he actually conceded to the fact that it was improper by an agreed order to strike the Claim on December 6, 2010)..." Now I have ordered the transcript to demonstrate that you have "misremembered" the hearing, during which I argued: that the statute was applicable on its face; that I only signed the claim of exemption to certify service of same; that the actual claim of exemption was signed by Mr. Denison; and that the motion was filed prematurely.

In the OSC, at page 7, you have, once again, proven that the superficially sound logic of the OSC is specious by stating, "Gleason's frivolous Claim was stricken by agreed order on December 6, 2010..."  First, it was not Gleason's claim.  Denison asserted his statutory right to protect his commissions from this Court's unjustified money grab.  Second, the claim was not frivolous.  What is frivolous is your grabbing of funds without any statutory grounds for so doing, and calling a garnishment by another name.  You did not even attempt to distinguish the prohibition of your actions by the United States Supreme Court.[2]

The fiction continues on page 8 of the OSC, where you write, again, "Gleason has already stricken the offending Claim by agreed order."

Continuing on page 8 of the OSC, See the disrespectful and derogatory footnote 26 on page 8, wherein you "find" that "Gleason surreptitiously handed MMS' counsel a copy of Denison's Claim of Exemption immediately after a November 2, 2010 hearing. The only possible reason for Gleason to have done this was to cast doubt upon my prior sequestration and disbursement orders."  Wrong.  The statute, which I followed and you ignored, requires service upon the party seeking to enforce a judgment, and permits that party 2 days to respond.[3]  There is no provision for filing the claim of exemption with the

---

[2]  "Our laws determine with accuracy the time and manner in which the property of a debtor ceases to be subject to his disposition, and becomes subject to the rights of his creditor." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 323, 119 S.Ct. 1961, 1970 (1999).

[3]  F.S. § 222.12 provides, in pertinent part, "Whenever any money ... is attached by such process, the person to whom the same is due and owing may make oath before ... a notary public that the money attached is due for the personal labor and services of such person, and she or he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or her or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 business days after the service of said notice, the process shall be returned, and all proceedings under the

court for immediate hearing. ECF 535, the Claim of Exemption, was filed on the same day it was served, and was served on the day after the entry of judgment, not 14 days later as would have been possible. How does one "surreptitiously" hand a paper to one's opposing counsel in open court, file same with the Court, and include a certificate of service to all interested parties?

On page 9 of the OSC, you again blunder regarding the nature of the order you entered after a full hearing, and without my continuously-attributed agreement. I agreed to the form of the order only after you ruled against the claim of exemption with mere adverbial analysis.

It is sad when a man of your intellectual ability cannot get it right when your own record does not support your half-baked findings.

## CERTIFICATE OF SERVICE

On April 18, 2011, the following parties were served via the Notice of Electric Filing: all parties receiving notice through electronic filing.

Respectfully submitted,

**KEVIN C GLEASON**
4121 N. 31st Ave.
Hollywood, FL 33021-2011
Attorney for Mr. Denison
954.893.7670/954.893.7675 Fax

s/Kevin C. Gleason
Florida Bar No. 369500
BankruptcyLawyer@aol.com
*Kevin C Gleason is a Certified Specialist in Business Bankruptcy Law by the American Board of Certification. Accredited by The Florida Bar.*

---

same shall cease.

4