## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

**In re**:

    **New River Dry Dock, Inc.,**

            Debtor.

_____/

Case No. 06-13274-JKO

Confirmed Chapter 11

## Order Setting *En Banc* Show-Cause Hearing

Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. *Ginsberg, et al. v. Evergreen Security, Ltd., et al. (In re Evergreen)*, 570 F.3d 1257, 1263 (11th Cir. 2009) (citing *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008)).

> "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir.2006) (internal citations omitted). Federal statute 11 U.S.C. § 105(a) also gives the court the authority to "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a) (2005).

*Id.* A bankruptcy court may impose sanctions if a party violates a court order or rule, *id.* at 1273, and a finding of bad faith sufficient to support sanctions is warranted where an attorney knowingly or recklessly raises a frivolous argument. *Id.* at 1274-75. Repeatedly advancing groundless arguments is tantamount to bad faith justifying the imposition of sanctions. *Id.* at 1275.

Civil contempt sanctions are designed either to be compensatory or to coerce compliance with a court order or rule. *Id.* at 1280. Criminal contempt sanctions, on the other hand, "are punitive in nature and are imposed to vindicate the authority of the court." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986). Bankruptcy courts have the power to enter an

-1-

order holding a party or litigant in criminal contempt when the order, by its own terms, does not take immediate effect and is reviewable *de novo* under Fed. R. Bankr. P. 9033. *In re Ragar*, 3 F.3d 1174, 1177-78 (8th Cir. 1993).[1]   At least two circuits have held that this power does not extend to punishable acts which are not committed within or near the court's presence. *Matter of Hipp, Inc.*, 895 F.2d 1503, 1511 (5th Cir. 1990).[2]   The filing of a pleading may constitute a "direct contempt" committed within or near the presence of the bankruptcy court. *Ragar*, 3 F.3d at 1180.[3]

While a bankruptcy court's decision to impose criminal contempt sanctions should generally be entered under Fed. R. Bankr. P. 9033, a bankruptcy court's decision to impose civil contempt sanctions may take immediate effect and is reviewed for an abuse of discretion. *See, e.g., Evergreen*, 570 F.3d at 1263. A bankruptcy court's decision to suspend an attorney for a substantial period will be viewed as a civil contempt sanction so long as the suspension is designed to deter rather than punish the offending behavior. *See id.* at 1280.[4]

[1] "Thus, the Bankruptcy Court here acted much as a magistrate judge would have on a matter lawfully assigned to him or her for a report and recommendation under 28 U.S.C. § 636. For reasons shortly to be given, we think Congress has authorized the bankruptcy courts to go at least this far, and that such action is not contrary to Article III. Whether they could enter their own criminal-contempt judgments, subject to review only by appeal, is a question not presented by this case, and we therefore do not reach it."

[2] "We join the Ninth Circuit at least to the extent that we hold that bankruptcy courts do not have inherent criminal contempt powers, at least with respect to the criminal contempts not committed in (or near) their presence."

[3] "It is not clear to us that the contempt involved in the present case was committed outside the presence of the judge or court. The contempt was not committed in the physical presence of the judge, to be sure, but it did consist of the filing of a pleading in the judge's court. This may amount to a contempt committed in or near the presence of the court, a so-called "direct contempt," and it may be easier to argue that direct contempts-for example, punching the judge in the nose in open court-are constitutionally punishable by bankruptcy courts themselves, without reference to the district courts. We need not pursue this argument in the present case. Even if the filing of the pleading was only an indirect contempt, the procedure followed here was clearly valid."

[4] "The bankruptcy court did not abuse its discretion in imposing both compensatory sanctions (monetary sanctions) and sanctions designed to coerce compliance (suspension).  In our view, Ginsberg's relentless pursuit of the Recusal Motion, even after the evidentiary hearing revealed no factual support for Ginsberg's contentions, demonstrates that a monetary sanction alone would be insufficient to deter Ginsberg from similarly egregious behavior in the future. Therefore, the imposition of monetary sanctions and a suspension is justified. Moreover, because Ginsberg is a non-bankruptcy (by his admission), New York lawyer who appeared pro hac vice before the Bankruptcy Court in the Middle District of Florida, we find that a five year suspension in that court is not too severe. Finally, the monetary sanctions imposed by the bankruptcy court were based upon the attorneys' fees incurred by the appellees and were fully supported in the record" (internal quotations and citations omitted).

-2-

On January 4, 2011, the court conducted a hearing on Attorney Robert Jennings' motion for Rule 9011 sanctions against Attorney Kevin Gleason. *See* [ECF Nos. 550 & 551]. The motion concerned a claim of exemption electronically filed by Gleason on November 2, 2011. *See* [ECF No. 535]. After oral argument on how to properly calculate the Rule 9011(c)(1)(A) safe harbor period, the court took the matter under advisement. On March 31, 2011, the court published an opinion discussing proper day counting, explaining that Jennings had improperly calculated the Rule 9011(c)(1)(A) safe harbor period, and Jennings' motion for sanctions was accordingly denied. *See* [ECF Nos. 588 & 589]. The March 31st order *sua sponte* scheduled a show-cause hearing for April 20, 2011 to consider non-monetary sanctions tailored to deter behavior prohibited by Rule 9011(b). Sanctions imposed under the court's inherent power are, of course, not affected by the safe harbor provision of Rule 9011. *Evergreen*, 570 F.3d at 1273.

On April 18, 2011, Gleason filed a written response to the March 31st *sua sponte* show-cause order. *See* [ECF No. 593]. The court heard brief oral argument on April 20, 2011 and took the matter under advisement. On April 29, 2011, the court entered an order finding that both the November 2, 2010 claim of exemption and the April 18, 2011 written response to the show-cause order violated Rule 9011(b). *See* [ECF No. 597]. The order continued the matter "to a future date to be set by further order of this court." *Id.*

The nature of Attorney Kevin Gleason's April 18, 2011 written response to the court's *sua sponte* show-cause order is such that the continued show-cause hearing will be *en banc*. Local Rule 2090-2(B)(1) provides:

> Upon order to show cause entered by at least one judge, any attorney appearing before the court may, after 30 days' notice and hearing and for good cause shown, be suspended from practice before the court, reprimanded or otherwise.

The continued show-cause hearing will consider appropriate sanctions under the court's inherent

authority for Gleason's November 2, 2010 and April 18, 2011 Rule 9011(b) violations. The continued show-cause hearing will also address whether the tone and/or content of Gleason's April 18th written response constitutes civil or criminal contempt of this court. Attorney Kevin Gleason is ordered to appear and articulate cause why civil or criminal contempt sanctions should not be imposed. **Hearing scheduled for June 16, 2011 at 1:30 p.m. in Courtroom 205B, 299 East Broward Blvd., Fort Lauderdale, Florida.**

SO ORDERED.

Paul G. Hyman
Chief United States Bankruptcy Judge
Southern District of Florida

A. Jay Cristol
United States Bankruptcy Judge
Southern District of Florida

Robert A. Mark
United States Bankruptcy Judge
Southern District of Florida

-4-

Raymond B. Ray
United States Bankruptcy Judge
Southern District of Florida

John K. Olson
United States Bankruptcy Judge
Southern District of Florida

Laurel M. Isicoff
United States Bankruptcy Judge
Southern District of Florida

Erik P. Kimball
United States Bankruptcy Judge
Southern District of Florida

# # #

*The Clerk of Court is directed to provide copies of this order
to all interested parties registered to receive notice.*