UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
NEW RIVER DRY DOCK, INC.,                               Case No. 06-13274-BKC-JKO
____Reorganized Debtor___/                              Chapter 11

**SUPPLEMENT TO
RESPONSE TO ORDER TO SHOW CAUSE
WHY NON-MONETARY SANCTIONS SHOULD NOT BE IMPOSED
IN RESPONSE TO
ORDER CONTINUING APRIL 20, 2011 SHOW-CAUSE HEARING**

Kevin C Gleason supplements his Response to Order to Show Cause Why Non-monetary Sanctions Should Not Be Imposed [ECF 593] (hereinafter "Response"), in light of new issues raised in the Order Continuing April 20, 2011 Show-Cause Hearing [ECF 597] (hereinafter "Continued OSC"), and says:

1.  The Response was premised upon the perception that the ORDER ... Directing Kevin Gleason to Appear on April 20, 2011 at 1:30 p.m. and Show Cause Why Non-Monetary Sanctions Should Not be Imposed [ECF 589](hereinafter "OSC") was prompted by a lack of factual basis for the asserted exemption [ECF 535].

2.  The perception that a lack of factual basis was justified upon a review of the Court's observations in the OSC, as follows:

    a.  "During the January 4, 2011, hearing on the sanctions motion, Gleason made ho [sic] attempt to assert that the Claim was proper (he actually conceded to the fact that it was improper by an agreed order to strike the Claim on December 6, 2010)..." OSC at page 3/9.

    b.     "... Gleason's frivolous Claim was stricken by agreed order on December 6, 2010..."  OSC at page 7/9.

    c.     "... Gleason has already stricken the offending Claim by agreed order ... " OSC at page 8/9.

    d.     "The contention by Gleason that Denison is entitled to exempt the payment of a commission which he already admitted he owed the Plan Administrator is frivolous, absurd .... I had already determined that the funds should be sequestered and directed disbursement of the funds to the Plan Administrator before Gleason filed the bogus Claim"  OSC at page 8/9.

    e.     "... the offending claim has already been disposed of by agreed order ..." OSC at page 8/9.

    f.     "Gleason surreptitiously handed MMS' counsel a copy of Denison's Claim of Exemption immediately after a November 2, 2010 hearing."  OSC at page 8/9 at fn 26.

    g.     "Gleason had essentially conceded the Claim was meritless and procedurally unsound by submitting an agreed order striking it on December 6th."

3.    In the Response, the obvious factual errors noted in the foregoing subparagraphs a, b, c, e, f and g were addressed.  During the hearing on April 20, 2011, at 1:30 p.m., counsel for MMS confirmed that the Court's characterization of the order of December 6, 2010 as an agreed order was an error.  The Court has conceded its

        error by noting in the Continued OSC, "First, the show-cause order mistakenly referred six times to an "agreed order" entered on December 6, 2010. See [ECF Nos. 552, 588, & 589]. The December 6, 2010 Order Striking Claim of Exemption resulted from the November 30, 2010 hearing on Jennings' motion to strike, and the order was not 'agreed.'"

4. In its Continued OSC, the Court observes, "At the January 4, 2011 hearing on Jennings' motion for sanctions, the thrust of Gleason's argument concerned improper day counting ..."

5. Beginning at page 5, line 14 of the transcript of the hearing of January 4, 2011 (hereinafter "January Transcript"), and continuing through page 7, line 25, I made three arguments against the imposition of sanctions.

    a. The substantive argument regarding the statutory requirements to claim an exemption consumed over 50% of the argument, whether one counts characters, words, sentences, or lines.

    b. The argument regarding the failure to comply with the 21-day "safe-harbor" provision comprised just over 30% of the argument, on any of the foregoing criteria.

    c. The argument regarding the character of my signature on Mr. Denison's exemption consumed less than 20% of the argument.

6. The Court has mischaracterized the "thrust" of the argument by any objective

3

standard.

7. The only suggestions that the Court sought justification for the legal basis for the claim of exemption appear in the OSC as follows:

   a. "The purported legal basis for the asserted exemption, Fla. Stat. § 222.11(b) plainly did not apply." OSC at page 3/9.

   b. "The contention by Gleason that Denison is entitled to exempt the payment of a commission which he already admitted he owed the Plan Administrator is ... not warranted by existing law. I had already determined that the funds should be sequestered and directed disbursement of the funds to the Plan Administrator before Gleason filed the bogus Claim" OSC at page 8/9.

   c. "if '[the exemption claim] were interposed in good faith, it could and should have been brought to the attention of undersigned counsel and the Court during the preceding hearing, if not before.'" OSC at page 8/9, quoting from ECF 537 at ¶ 4.

*Fla. Stat. § 222.11(b) plainly did not apply (Items A and B immediately preceding).*

8. As stated in the January Transcript, and in the Response, at the non-evidentiary hearing held on November 30, 2010, there was no contest of Denison's status as head of the household, therefore falling within the requirements of F.S. § 222.11(1)(c). There was also no contest that the subject funds were commissions due to Denison, therefore falling within the requirements of F.S. § 222.11(1)(a).

    There was no contest that the subject funds were being held in a financial institution for less than 6 months, therefore falling within the requirements of F.S. § 222.11(3).

9. This Court's striking of the claim of exemption was premised entirely upon the nature of the Court's actions. Notwithstanding that I have thrice cited authority precluding the Court's actions, the Court has yet to distinguish *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 323, 119 S.Ct. 1961, 1970 (1999).

*The exemption claim should have asserted earlier. Addressing item 7 c above.*

10. As detailed in the Response, Mr. Denison followed the applicable statute as to the method and timing for assertion of his exemption. The Court cites no authority for the proposition that Denison, or his counsel, asserted the exemption in any manner inconsistent with the provisions of F.S. § 222.12.

11. The Court has dismissed the suggestion that Denison did not agree to the entry of a judgment against him, and cites to ECF 451. The judgment, entered *sua sponte* and *ultra vires*, was ECF 440[1]. ECF 451 was an attempt to ameliorate the damage caused by the entry of ECF 440. ECF 451 *vacated* the judgment against Denison, and obligated only Marine Realty to make payment. See ECF 451 at page 2/2, the decretal paragraph which carries over from page 1/2. This misreading of the

---

[1] The transcript of the hearing of April 27, 2010 has been ordered and will confirm the Court's *sua sponte* actions.

Court's own order is apparently the basis for finding that the Response lacked factual basis. ECF 440 and 451 are attached for easy reference. The Court is obviously in error.

12. The only case cited by the Court for the proposition that the exemption statute does not apply, has nothing to do with the facts of this case, which was decided without evidence. *In re Malloy*, 2 B.R. 674 (Bankr. M.D. Fla. 1980) deals with the entitlement of an insurance salesman to claim an exemption in insurance renewals under the predecessor to Florida's current law.

13. Thirteen years after the *Malloy* case was decided, the Florida Legislature amended F.S. 222.11 to include the current definition of "earnings", which replaced the phrase "money or other thing due to any person for the personal service or labor of such person."

14. On the point for which the Court cited the *Malloy* case, it has not been good law for 18 years!

15. However, a case cited in the *Malloy* case is axiomatic. "The rule appears to be in almost all jurisdictions that exemption statutes should be liberally construed in favor of the debtor... Persons who claim the benefits of exemption statutes must bring themselves at least within the intent of the provisions of such statute." *Patten Package Co. v. Houser* 102 Fla. 603, 607, 136 So. 353, 355 (Fla.1931).

16. In this Court's zeal to justify its factually and legally unsupported accusations

against me, the Court continues to be blinded to the facts in its own record, and incapable of finding any authority which perverts the language of the applicable statute.

17. Florida Statute 222.11 applies, on its face, to the facts of this case, and needs no case law to justify that position.

18. "When the language of a statute is clear and unambiguous and conveys a clear meaning, the statute must be given its plain and ordinary meaning." *In re McCollam*, 612 So. 2d 572, 573 (Fla. 1993)(Citations omitted), *US v. Ron Pair Enterprises, Inc.*, 489 U.S. 235; 109 S. Ct. 1026; 103 L. Ed. 2d 290 (1989).

19. Based upon the statutory language alone, it was error for the Court to strike the exemption, and such error is further compounded by the meaningless exercise undertaken in the OSC and the Continued OSC.

## CONCLUSION

On Friday, April 29, 2011, I delivered a nice bottle of wine to the Court's chambers, with a hand-written note, which read as follows, "Dear Judge Olson, A Donnybrook ends when someone buys the first drink. May we resolve our issues privately?" The wine and note were returned early the following week. The attempted offering of the olive branch was rejected, and probably misinterpreted. It was not offered in surrender, but rather in truce, that we might desist in this digression from the use of our talents toward the ends for which he have been trained. The wine was to be consumed by us together, following which an armistice might be declared, that we both go in peace.

It is obviously not possible for this attorney to convince this Court that the record does not support its findings of fact, and that the law does not support its conclusions of law. It will be for another court, on another day, to dispassionately consider the record and determine who owes an apology to whom. Until then, as always, "he who defines the issues wins the debate." The Court, having made serious factual errors in the OSC, then changed the terms of the debate to focus on legal issues in the Continued OSC. The strongest arguments this Court could make on the law include reliance upon a case overruled by statute 18 years ago and continued failure to address the mandate of the United States Supreme Court. Why must this go on?

## CERTIFICATE OF SERVICE

On May 13, 2011, the following parties were served via the Notice of Electric Filing: all parties receiving notice through electronic filing.

Respectfully submitted,

**KEVIN C GLEASON**
4121 N. 31st Ave.
Hollywood, FL 33021-2011
Attorney for Mr. Denison
954.893.7670/954.893.7675 Fax

s/Kevin C. Gleason
Florida Bar No. 369500
BankruptcyLawyer@aol.com
*Kevin C Gleason is a Certified Specialist in Business Bankruptcy Law by the American Board of Certification. Accredited by The Florida Bar.*



**ORDERED in the Southern District of Florida on May 11, 2010.**

　　　　　　　　　　　　　　　　　　　　**John K. Olson, Judge**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Confirmed Chapter 11 Case

　　　　　　　　　　　　　　　　　　　Bankruptcy No. 06-13274-BKC-JKO

NEW RIVER DRY DOCK, INC.,

　　　　Debtor.

_____/

## FINAL JUDGMENT IN FAVOR OF MARY WICKMAN, AS PLAN ADMINISTRATOR, AND AGAINST MARINE REALTY, INC. AND CHRISTOPHER "KIT" DENISON, INDIVIDUALLY

　　　　THIS MATTER came on for hearing before me on April 27, 2010, on the Motion by MMS for Return of Unauthorized Compensation to Broker and Unauthorized "Rebate" to Buyer, and for Summary Judgment thereon [DE 417].   Based upon the undisputed evidence of record, the Court has on partial findings pursuant to Rule 54(b), Federal Rules of Civil Procedure, determined that Mary Wickman, as Plan Administrator for the post-confirmation Debtor, is

entitled to recover as unauthorized $7,500.00 of the brokerage commission paid to the Broker on the sale of the New River Dry Dock property on June 11, 2007, and that there is no just reason to delay the entry of Judgment for that amount.  It is  therefore

ORDERED AND ADJUDGED  as follows:

1. Mary Wickman as Plan Administrator for the post-confirmation Debtor shall have and recover from Christopher "Kit" Denison and Marine Realty, Inc., and both of them jointly and severally, the sum of $7,500.00, for which amount let execution issue.

2. The Court expressly reserves ruling and jurisdiction over the balance of the claims asserted in MMS's Motion [DE 417], including whether the foregoing award should be supplemented by prejudgment interest.

###

(*Attorney Jennings is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court.*)



ORDERED in the Southern District of Florida on June 08, 2010.

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
NEW RIVER DRY DOCK, INC.,                         Case No. 06-13274-BKC-JKO
    Reorganized Debtor      /                        Chapter 11

**PARTIAL AGREED ORDER ON MOTION BY MARINA MILE SHIPYARD FOR DISGORGEMENT OF COMPENSATION OR TO COMPEL**

This matter having been brought before the court, without hearing on the Motion by Marina Mile Shipyard for Disgorgement of Compensation or to Compel [DE 382], and upon consideration of the record, good cause appearing therein, and upon the representation that the parties agree to the entry of this Order, it is

ORDERED that Marine Realty, Inc. shall pay to the Plan Administrator the sum of $1155.00 on or before June 23, 2010, and it is further

ORDERED that Marine Realty, Inc., shall pay to the Plan Administrator the sum of $7500.00 on or before July 15, 2010, and it is further

ORDERED that Marine Realty, Inc., shall pay to the Plan Administrator the sum of $37,500.00 on or before September 22, 2010, and it is further

ORDERED that the Final Judgment in Favor of Mary Wickman, as Plan Administrator, and

Against Marine Realty, Inc. and Christopher "Kit" Denison, Individually, entered on May 11, 2010 [DE 440] is vacated, and it is further

ORDERED that in the event the payments detailed above are not timely made, Christopher Denison remains liable for such amounts as are not timely paid, and it is further

ORDERED that all other issues raised in the pending motions by Marina Mile Shipyard, and this Court's Sua Sponte Order to Show Cause Why Christopher "Kit" Denison and Marine Realty Should Not Be Required to Disgorge Broker Commission [DE 363] shall be tried as scheduled by subsequent Order of the Court.

###

Submitted by:
**KEVIN GLEASON, P.A.**
4121 N. 31st Ave.
Hollywood, FL 33021-2011
(954) 893-7670 Phone/(954)-893-7675 Fax
BankruptcyLawyer@aol.com

To be served via ECF upon all parties receiving electronic notice