UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:                                                    Confirmed Chapter 11 Case

NEW RIVER DRY DOCK, INC.,                Bankruptcy No. 06-13274-BKC-JKO
        Debtor,

_____/

## LIMITED REPLY BY MMS TO SUPPLEMENT TO RESPONSE TO ORDER TO SHOW CAUSE

Marina Mile Shipyard, Inc. ("MMS"), an unsecured Creditor under the Confirmed Plan of Reorganization in the above-styled Chapter 11 proceeding, assignee of the Plan Administrator's rights against broker Christopher Denison and his company Marine Realty, Inc. under DE  [DE 569], and the original party in interest as to Denison's Claim of Exemption [DE 535][1] giving rise to the instant  in proceedings under Bankruptcy Rule 9011, submit this limited Reply to attorney Kevin Gleason's Supplement to Response to Order to Show Cause Why Non-Monetary Sanctions Should not be Imposed in Response to Order Continuing April 20, 2011 Show-Cause Hearing [DE 614]:

Mr. Gleason's arguments create the impression that the sole legal authority for striking the exemption claim he filed on behalf of broker Denison was In Re Molloy, 2 B.R. 674 (Bkty. M.D. Fla. 1980), and that Judge Proctor's conclusion in that case that monies due an independent contractor are not exempt is no longer good law.

Florida Statutes Section 222.11 was in fact amended by 1993 Florida Laws Chapter 256, section 2 to adopt the present definition of "earnings."  However, this makes no material

---

[1] Marina Mile is filing this Reply only because any action taken by this Court premised on the assumption that the striking of the Claim of Exemption was erroneous could severely prejudice Marina Mile's position in this litigation.

1

difference in this case, nor did it disturb the reasoning underlying the <u>Molloy</u> case.  As noted in

Marina Mile's Motion to Strike Denison's exemption claim [DE 537], Florida Statutes §222.11

as presently written defines "earnings" as "compensation paid or payable **in a sum certain** for

personal services or labor . . ." (emphasis added).  Salary paid to an employee on a regular basis

is exempt; money drawn from a business by the owner at his discretion is not.  <u>Brock v.

Westport Recovery Corp.</u>, 832 So.2d 209, 211-212 (Fla. 4th D.CA. 2002).  <u>See</u> <u>also</u>,  <u>In re

Manning</u>, 163 B.R. 380 (Bkty. S.D. Fla. 1994)(Mark, J.)(husband and wife owned business

together); <u>In re Zamora</u>, 187 B.R. 783, 785 (Bkty. S.D. Fla. 1995)(Mark, J.); <u>In re McDermott</u>,

425 B.R. 848, 852 (Bkty. M.D. Fla. 2010)(Jenneman, J.)(money drawn by owners of business at

their discretion not exempt "earnings").  In <u>In re Zamora</u>, <u>supra</u>, Judge Mark expressly ruled that

the 1993 amendments to §222.11 did *not* change the law that earnings from a business

controlled by the person receiving them are not exempt.  <u>Id.</u>, at 785.

Moreover, the money in question was in the possession of Marine Realty, Inc., at the

time it was sequestered, not Mr. Denison (see Exhibits "A," "B," and "C" to DE 537).  Mr.

Denison's argument was that he his intention to pay himself this money from Marine Realty,

Inc. made it exempt, an argument that had already been raised at a prior hearing on behalf of

Mr. Denison and rejected by the Court by the time the "Claim of Exemption and Request for

Hearing" was filed.

Marina Mile has no further comment on the remaining arguments made by attorney

Gleason.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served upon

**Kevin C. Gleason, Esq.,** Counsel for Christopher "Kit" Denison, individually and as President

of Marine Realty, Inc., 4121 N. 31st Avenue, Hollywood, Florida 33021-2011, and upon all

other parties in interest, by CM-ECF, this 20th day of May, 2011.

JENNINGS & VALANCY, P.A.
Co-counsel for Marina Mile
306 S.E. Detroit Avenue
Stuart, Florida 34994
Tel. (772) 286-2798
Facs. (772) 286-2799
HBrj@aol.com


By:___*Robert L. Jennings*___
          Robert L. Jennings
          Fla. Bar No. 348074