UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
NEW RIVER DRY DOCK, INC.,                    Case No. 06-13274-BKC-JKO
          Reorganized Debtor   /             Chapter 11

### EX-PARTE MOTION TO CONTINUE *EN BANC* HEARING SCHEDULED FOR JUNE 16, 2011

Kevin C Gleason, moves *pro se* for a continuance of the *en banc* hearing scheduled for June 16, 2011 at 1:30 p.m. to permit his chosen counsel to appear and be heard, and says:

1.  By order entered on May 9, 2011, this Court has called for an *en banc* hearing to consider possible criminal contempt sanctions against me. [ECF 612](Hereinafter referred to as the "*En Banc* Order").

2.  Immediately upon receipt of the *En Banc* Order, I began a search for counsel.

3.  The response from attorneys practicing before this Court was understandably tepid.

4.  It was suggested that I seek counsel outside of this District, and I immediately reached out to my first choice, the Honorable Francis G. Conrad.

5.  Former Judge Conrad is currently of counsel to the firm of Jager Smith, practicing from offices in Manhattan and Boston.

6.  Judge Conrad is also a partner at Bederson & Company LLP, an accounting firm that provides financial advisory services in turnaround and bankruptcy.

7. Judge Conrad is a principal at Business Strategy Advisors, a multi-disciplinary practice firm providing strategic consulting to lawyers, accountants, start-up and troubled businesses, international governments and financial institutions.

8. In addition, Judge Conrad is the Chief Executive Officer for ARG Capital Partners, LLP, an agency fund that purchases assets, distressed debt and equity.

9. As well, Judge Conrad is an Adjunct Professor in the LL.M. Program in Bankruptcy at St. John's University School of Law.

10. Obviously, Judge Conrad is qualified to represent me in the *en banc* hearing.

11. I first attempted to contact Judge Conrad on May 18, 2011.

12. In his first brief response, Judge Conrad indicated that he was scheduled to undergo hip surgery and could not discuss the matter in detail at that time.

13. Judge Conrad underwent surgery for full right hip removal and replacement through a complicated procedure on May 24, 2011. He expects to return to practice in mid-July and will likely be able to travel by mid-August.

14. Immediately after surgery, Judge Conrad was unable to discuss this matter in depth due to challenges related to his recovery from the extensive surgery.

15. Only just on May 27, 2011, I was informed that Judge Conrad agreed to accept the representation conditioned upon the hearing being continued to permit him to: complete his physical therapy; receive approval from his doctors to travel to South

Florida; and adequately prepare for the hearing.

16. This motion is filed as soon as practicable after Judge Conrad's conditional acceptance of the representation.

17. Upon continuance of the hearing of June 16, 2011, Judge Conrad shall file a notice of appearance, and I shall move for his admission *June 1, 2011pro hac vice*.

18. I have also consulted with an attorney experienced in disciplinary matters, but have not yet engaged him. If he agrees to accept the representation, then Judge Conrad may be assisted by local counsel, admitted to the United States District Court for the Southern District of Florida, but not otherwise qualified to practice in this Court pursuant to Local Rule 2090-1(A)(3).

## APPLICABLE LAW

The Sixth Amendment to the Constitution of the United States of America provides, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence."

"The Sixth Amendment right to effective assistance of counsel encompasses the right to counsel untainted by conflicts of interest. This right is violated when the defendant's attorney has an actual conflict of interest that adversely affects the lawyer's performance." *Lynd v. Terry*, 470 F.3d 1308, 1318 (11th Cir,2006)(Citations omitted).

While one does not have the absolute right to counsel of one's own choice, denial

of the right to counsel of choice should be only in the rarest of instances. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *Wheat v. United States*, 486 U.S. 153, 159 (1988); and *Powell v. Alabama*, 287 U.S. 45, 53 (1932).

> The Sixth Amendment right to counsel guarantees a defendant "both a fair opportunity to be represented by counsel of his own choice and a sufficient time within which to prepare a defense." *Gandy v. Alabama*, 569 F.2d 1318, 1321 (5th Cir.1978). While the denial of a continuance request can in some cases amount to a violation of this due process right to counsel, *id.*[sic] at 1322, the right to counsel of choice is not as absolute as the right to the assistance of counsel. *Id*. at 1323 (*citing, inter alia, United States v. Gray*, 565 F.2d 881, 887 (5th Cir.1978)). As such, the Supreme Court has made it clear that not every denial of a request for a continuance is a denial of due process:
>> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.
>
> *Ungar v. Sarafite*, 376 U.S. 575, 589-91, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).
>
> The proper exercise of the trial court's discretion thus requires a delicate balance between the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice. *Gandy*, 569 F.2d at 1323 (*citing United States v. Uptain*, 531 F.2d 1281, 1291 (5th Cir.1976)). Defendants are only guaranteed a fair or reasonable opportunity to select the attorney of their choice. *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir.2000) (*citing*

4

*Gandy*, 569 F.2d at 1323-24).

When deciding whether a denial of a continuance impinged on the defendant's "fair and reasonable opportunity" to choose counsel, reviewing courts should consider a number of factors, including: (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors. *Bowe*, 221 F.3d at 1190....

We have previously found that a trial court's denial of a continuance motion violated a defendant's Sixth Amendment right to counsel....

In holding that the denial of the continuance motion violated the defendant's right to counsel, we noted that: (1) the requested continuance was of a fairly short duration; (2) the replacement counsel was "completely unprepared and unfamiliar with the case"; (3) other continuances had been requested by and granted to both sides; (4) losing the services of retained counsel outweighed any inconvenience to the court or other parties; (5) the requested delay did not appear to be a defense strategy or dilatory tactic; and (6) the trial court was fully aware of the planned abandonment and all the other factors when the request was denied....

In *United States v. Verderame*, 51 F.3d 249 (11th Cir.1995), we found a right to counsel violation based purely on the fact that the defendant's counsel was given insufficient time to prepare.... We found that the 34 days the defendant had between arraignment and trial was insufficient time for the defendant's counsel to prepare his case...

[W]e [have also] held that the denial of continuance did not violate the defendant's right to counsel. As support for the holding, we noted that: (1) the requested continuance was "lengthy and open-ended"; (2) the defendant still had two other defense attorneys who had been working on the case for six months prior to the trial; (3) the defendant had two and a half months after the lead counsel became unavailable, and nearly one month after the denial of the continuance motion, to find additional counsel for his defense team; (4) the defendant had been arraigned more than a year before trial;

5

and (5) the court dismissed twelve of the thirteen counts in the indictment, thereby easing the defense's trial burden....

*U.S. v. Baker*, 432 F.3d 1189, 1248 -1252 (11th Cir,2005).

## CONCLUSION

I have the qualified right to counsel of my choice. I diligently sought the services of qualified and disinterested counsel immediately upon being served with the *En Banc Order*. This is my first request for a continuance, and was filed promptly after the need for a continuance was apparent. The requested continuance is of short duration. Other than a cursory review of the *En Banc Order* and some related documents, Judge Conrad is unprepared and unable move forward with the defense of this case on its presently-scheduled hearing date. Losing the services of Judge Conrad outweighs any inconvenience to the Court or other parties. The requested delay is not a defense strategy or dilatory tactic.

While continuing the hearing to a date in Mid-August is an inconvenience for the Court, that inconvenience is outweighed by Constitutional protections. Wherefore, it is respectfully requested that the hearing scheduled for June 16, 2011 at 1:30 p.m. be continued to a date in mid-August, 2011.

### CERTIFICATE OF SERVICE

On June 1, 2011, the following parties were served via the Notice of Electric Filing: all parties receiving notice through electronic filing.

Respectfully submitted,
**KEVIN C GLEASON** *Pro Se*
4121 N. 31st Ave.
Hollywood, FL 33021-2011
954.893.7670/954.893.7675 Fax

cc: via email to Francis G Conrad, Esq.

s/Kevin C. Gleason
Florida Bar No. 369500
BankruptcyLawyer@aol.com