ORDERED in the Southern District of Florida on _____    JUN 1 0 2011

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No. 06-13274-BKC-JKO
New River Dry Dock, Inc.,                       Chapter 11

    Debtor.
_____/

### ORDER GRANTING EX-PARTE MOTION TO CONTINUE *EN BANC* HEARING SCHEDULED FOR JUNE 16, 2011

**THIS MATTER** came before the Court upon the *Ex-Parte Motion To Continue En Banc Hearing Scheduled For June 16, 2011* (D.E. 626) (the "Motion") filed by Kevin C. Gleason.  The Motion requests that the *en banc* show -cause hearing set for June 16, 2011 be continued until a date in mid-August, 2011.  The Court grants that request. The Court also finds it appropriate to clarify the *Order Setting En Banc Show-Cause Hearing* (D.E. 612).  The *en* banc show-cause hearing has been set pursuant to Local Rule 2090-2(B)(1) which provides:

1

> Upon order to show cause entered by at least one judge, any attorney
> appearing before the court may, after 30 days' notice and hearing and for
> good cause shown, be suspended from practice before the court, reprimanded
> or otherwise disciplined, by a judge whose order to show cause initiated the
> disciplinary proceedings.

The focus of the *en banc* hearing is whether Mr. Gleason should be sanctioned for the unprofessional and disrespectful tone and/or content of his April 18, 2011 Response (D.E. 593). The *en banc* panel will determine whether Mr. Gleason failed to conduct himself properly as an Officer of the Court or to abide by the standards of professional conduct that are incumbent upon all attorneys who practice before the Court. In making this determination, the panel will consider "case law, applicable court rules, and the 'lore of the profession' as embodied in codes of professional conduct." *In re Snyder*, 472 U.S. 643, 645, 105 S.Ct. 2874 (1985). Attorney disciplinary proceedings, such as this, are "neither civil nor criminal, but an investigation in to the conduct of the lawyer-respondent." *In re Lehtinen,* 564 F.3d 1052, 1059 (9th Cir. 2009). Attorney suspension or "disbarment proceedings are not for the purpose of punishment but to maintain the integrity of the courts and the profession." *Id. (quoting Patterson v. Standing Comm. of Discipline to Bar of the U.S. Dist. Court of Or. (In re Patterson)*, 176 F.2d 966, 968 n. 1 (9th Cir.1949)). Therefore, criminal contempt will not be among the potential sanctions in this matter. Should the panel find Mr. Gleason has engaged in professional misconduct, the panel will consider factors, such as those set forth in the Florida Bar Standards for Lawyer Sanctions, to fashion appropriate sanctions. Such factors will include, but are not limited to, the duty violated, the lawyer's mental state, the potential or

2

actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors. *See* Fla. Bar Standards for Lawyer Sanctions, Std. 3.0 *et. seq.* As a point of further clarification, the underlying Rule 9011 issues will not be heard by the panel. In addition, the Court notes that on May 13, 2011, subsequent to entry of the *Order Setting En Banc Show-Cause Hearing*, Mr. Gleason filed a Supplemental Response (D.E. 614). At the continued *en banc* show-cause hearing, Mr. Gleason should also be prepared to articulate why sanctions should not be imposed for the tone and/or content of the Supplemental Response. Finally, having verified that Mr. Gleason is available to appear on the continued date, the Court will not consider or grant any further continuances for any reason.

The Court, having reviewed the Motion and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that the Motion is **Granted**. The *en banc* show-cause hearing is continued until August 18, 2011, at 9:30 a.m., at United States Bankruptcy Court, Room 205B, 299 East Broward Boulevard, Fort Lauderdale, Florida. No further continuances will be considered or granted for any reason.

###

*The Clerk of Court is directed to provide copies of this order to all interested parties registered to receive notice.*

3