UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

)
In re                                                    )
                                                         )        Case No. 06-13274-JKO
NEW RIVER DRY DOCK, INC.,       )
                                                         )        Chapter 11
        Debtor.                                   )
                                                         )

**SECOND SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE**

Kevin C. Gleason ("Gleason") hereby submits this second supplemental response to the *Order (1) Denying Motion for Sanctions; (2) Directing Kevin Gleason to Appear on April 20, 2011 at 1:30 p.m. and Show Cause Why Non-Monetary Sanctions Should Not be Imposed* [D.E. 588] (the "Show Cause Order"). In further support of this reply, Attorney Gleason represents as follows:

**BACKGROUND**

1.      Attorney Gleason represents Christopher Denison ("Denison") in New River Dry Dock, Inc.'s (the "Debtor") chapter 11 bankruptcy case.

2.      On November 2, 2010, Attorney Gleason filed on behalf of Denison a *Claim of Exemption and Notice of Hearing* [D.E. 535], under which Denison himself sought to exempt his commission (the "Claim") earned from the sale of property that was unrelated to a prior commission earned three years earlier from the sale of certain of the Debtor's real estate.

3.      The Claim was filed in response to prior orders of the Court directing that Denison's post-confirmation commission be sequestered [D.E. 510] and later disbursed [D.E. 532] by the plan administrator under the Debtor's confirmed chapter 11 plan. Both orders are

the subject of a timely notice of appeal.  The appeal of these matters is pending presently before the United State District Court for the Southern District of Florida, Case No. 10-cv-62522-KAM (the "Appeal").

4.      On November 29, 2010, Marina Mile Shipyard, Inc. ("MMS") filed a motion seeking to impose sanctions [D.E. 550] under Fed. R. Bankr. 9011 against Attorney Gleason for what MMS asserted was an unsupportable claim.

5.      On December 2, 2010 and following a non-evidentiary hearing on the merits of the Claim and the *Motion of Marina Mile Shipyard, Inc. to Strike Denison's Claim of Exemption* [D.E. 537], this Court entered an order denying the Claim [D.E. 588].

6.      On March 31, 2011, the Court entered the Show Cause Order denying MMS's motion for sanctions for failure to comply with the "safe harbor" provisions of Fed. R. Bankr. P. 9011.  The Court concluded mistakenly that Denison had previously assented and agreed to turn over the commission and, as a result, concluded that the "contention by Gleason that Denison is entitled to exempt payment of a commission which he already admitted he owed to the Plan Administrator is frivolous, absurd, and is not warranted by existing law." Show Cause Order at 8.  The Court, *sua sponte*, then directed Attorney Gleason to show cause why non-monetary sanctions should not be imposed upon him for filing the Claim.

7.      On or about March 31, 2011, the Show Cause Order was submitted for publication on Westlaw.  *See In re New River Dry Dock, Inc.*, 2011 WL 1355300 (Bankr. S.D. Fla. 2011).

8.      On April 18, 2011, Gleason filed his *Response to Order the Show Cause Why Non-Monetary Sanctions Should Not Be Imposed* [D.E. 593] (the "Response").  On May 13, 2011, Gleason filed a *Supplement to Response to Order the Show Cause Why Non-Monetary*

*Sanctions Should Not Be Imposed in Response to Order Continuing April 20, 2011 Show-Cause Hearing* (the "First Supplemental Response" and together with the Response, the "Responses").

9.    On June 10, 2011, the Court entered an order continuing the hearing on the Order to Show Cause to August 18, 2011 [D.E. 627] ("Clarification Order") and further clarified that *en banc* hearing on the Order to Show Cause shall determine "whether Mr. Gleason failed to conduct himself properly as an Officer of the Court or to abide by the standards of professional conduct that are incumbent upon all attorneys who practice before the Court" and should be sanctioned for "the unprofessional and disrespectful tone and/or content" of the Responses. Clarification Order at 2.

## SUPPLEMENTAL RESPONSE

10.    Before imposing appropriate discipline, the Court must consider the following factors: "(1) duties violated; (2) the lawyer's mental state; (3) the potential or actual injury caused by the lawyer's misconduct; (4) the existence of aggravating or mitigating circumstances." Florida's Standards for Imposing Lawyer Sanctions at Art. III.

A.    Gleason Did Not Violate a Duty to the Court.

11.    As an officer of the court, attorneys owe certain duties as a professional to the legal system. For attorneys practicing law in Florida, these duties are enumerated in the Florida Rules of Professional Conduct (the "Fla. R. Prof. Con."). The Show Cause Order and the Clarification Order do not indicate which rule that it is alleged Attorney Gleason violated by filing the Responses with the Court. In the matter presently before the Court, Fla. R. Prof. Con. 4-3.5(c) is instructive. Rule 4-3.5 provides that "[a] lawyer shall not engage in conduct intended to disrupt a tribunal." The comment to Rule 4-3.5 provides additional guidance:

> Refraining from abusive or obstreperous conduct is a corollary of
> the advocate's right to on behalf of litigants. A lawyer may stand

> firm against abuse by a judge but should avoid reciprocation; the
> judge's default is no justification for similar dereliction by an
> advocate.

Fla. R. Prof. Con.  4-2.5 cmt

12.     Attorney Gleason recognizes the unprofessional and disrespectful tone of the Responses for which he is prepared to apologize to the Court.[1]  Regardless of how disrespectful the Responses may be perceived, the question is whether they were intended to disrupt the matters pending in the Debtor's case.  Moreover, the Responses were not filed with the intention to disrupt the Debtor's bankruptcy case nor did the responses have that effect.   Given the pendency of the appeal, the Responses did not serve any purpose for the advancement of Denison's legal theories before the Court.   As a result, the Responses did not result in a breach of Attorney Gleason's duties under Fla. R. Prof. Con. 4-3.5.

13.     The matter presently before the Court stands in stark comparison to that in *The Florida Bar v. Wasserman*, 675 So. 2d 103 (Fla. 1996)(suspending attorney one year for losing temper in open court, shouting criticisms at the court and challenging the judge to hold the attorney in contempt) and *The Florida Bar v. Abramson*, 3. So. 3d 964 (Fla. 2009)(suspending attorney 91 days for making disparaging remarks concerning the judge's qualifications to prospective jurors and discourteous conduct directed towards the court).  Unlike in instances where an attorney was disrespectful or impugned the qualifications of a judge in open court, the offending Responses were filed weeks after the Order to Show Cause and were not intended to impact the administration of the Debtor's bankruptcy case.  Although inappropriate, the mere

---

1 Attorney Gleason attempted to resolve the matter amicably and in private with the Court. See Supplemental Response at 7. Attorney Gleason's offer demonstrates his willingness to cease and resolve any perceived hostility with the Court given his intention to practice before it in the future.

filing of the Responses did not disrupt the tribunal thereby breaching a duty owed to the Court by Attorney Gleason.

B.      The Responses Are the Product of Frustration.

14.     Attorney Gleason's responses are the product of frustration due in large part to the Court's mistaken conclusion that his client had assented, pursuant to an agreed order, to the turnover of his commission to the plan administrator.  The proper method to seek redress in such circumstances is to file an appeal, which Attorney Gleason did.  During the pendency of the appeal, which was filed on November 4, 2010, the Court issued the Show Cause Order and later submitted the order for publication with Westlaw.  This unfortunate turn of events escalated what was initially perceived as a mere legal conflict into something more personal in nature.  The Responses, while intentional, do not reflect a dishonest or selfish motive.

C.      The Responses Result in No Actual Injury.

15.     Given that the underlying issue of Denison's claim was already the subject of a pending appeal, there was no actual injury caused by Attorney Gleason's Responses.  Moreover, the Show Cause Order and Responses are completely divorced from the bankruptcy case such that the Responses and resolution of the Show Cause Order do not affect the administration of justice in the Debtor's case nor do they affect Denison's rights and remedies.  *Compare The Florida Bar v. Martocci*, 791 So. 2d 1074 (Fla. 2001)(reprimanding attorney publicly for making unethical, disparaging and profane remarks about opposing counsel and client exacerbating the parties dispute).

D.   <u>Mitigating Circumstances in Favor of Attorney Gleason</u>.

16.   Although inappropriate, the Responses do not demonstrate a dishonest or selfish motive.  Moreover, Attorney Gleason has no prior negative disciplinary record.  As set forth herein, Attorney Gleason recognizes the impropriety of his tone in the Responses and is prepared to offer his apology to the Court.  The facts and circumstances of the present case mitigate in favor of Attorney Gleason.

E.   <u>Sanctions are Unwarranted in the Present Matter</u>.

17.   The Supreme Court of Florida has sanctioned attorneys on several occasions, to varying degrees, based on unprofessional and/or disrespectful conduct before a tribunal.  *See, e.g., Abramson*, 3 So. 3d at 968 (attorney disciplined on two prior occasions suspended for 91-days); *Martocci*, 791 So. 2d at 1078 (attorney placed on probation for two-year period and order to submit to evaluation for anger management or mental health assessment); *The Florida Bar v. Graham*, 679 So. 2d 1181 (Fla. 1996) (attorney with no prior disciplinary record reprimanded for impugning judge's qualifications); *Wasserman*, 675 So. 2d at 105-6 (twelve-month suspension warranted where attorney had been disciplined on three prior occasions); *The Florida Bar v. Price*, 632 So. 2d 69 (Fla. 1994) (suspending attorney for 91 days for appearing in court while intoxicated).  The severity of the sanctions for disrespectful conduct before the tribunal depends in large part on whether the attorney had been previously sanctioned.  While Attorney Gleason has been the subject of several show cause orders by only this Court, none of the prior show cause orders have resulted in the imposition of sanctions. In fact, all were discharged, without penalty.  Moreover, the facts and circumstances of this present matter mitigate in favor of discharge, without penalty.

## CONCLUSION

For the reasons stated, and for any additional reasons supported by the evidence presented at the hearing, or records of the Court, of which the Court may take Judicial Notice during any hearing held in connection with the Show Cause Order, the Court should enter an order discharging the Show Cause Order, and granting to Attorney Gleason such other and further relief as the Court deems proper and just.

Dated: August 16, 2011                     Respectfully submitted

                                          KEVIN C. GLEASON, ESQ.
                                          By his attorneys,


                                           s/ Francis G. Conrad, Esq.
                                          Francis G.  Conrad (admitted *pro hac vice*)
                                          Brendan C. Recupero (admitted *pro hac vice*)
                                          JAGER SMITH P.C.
                                          One Financial Center
                                          Boston, Massachusetts 02111
                                          telephone:  (617) 951-0500
                                          facsimile:  (617) 951-2414
                                          email:  fconrad@jagersmith.com
                                                    brecupero@jagersmith.com